UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KEVIN KYES,<br><br>        Defendant. | Case No. 16-cr-00250-SI-1<br><br>**JURY INSTRUCTIONS** |

**JURY INSTRUCTION NO. 1 — DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## JURY INSTRUCTION NO. 2 — CHARGE AGAINST DEFENDANT NOT EVIDENCE–PRESUMPTION OF INNOCENCE–BURDEN OF PROOF

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**JURY INSTRUCTION NO. 3 — DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1    **JURY INSTRUCTION NO. 4 — REASONABLE DOUBT – DEFINED**

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

3 guilty. It is not required that the government prove guilt beyond all possible doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based

5 purely on speculation. It may arise from a careful and impartial consideration of all the evidence,

6 or from lack of evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced

8 beyond a reasonable doubt that the defendant is guilty, it is your duty to find the  defendant not

9 guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are

10 convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

11 defendant guilty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION NO. 5 — WHAT IS EVIDENCE

2 The evidence you are to consider in deciding what the facts are consists of:

3 (1) the sworn testimony of any witness; and

4 (2) the exhibits received in evidence; and

5 (3) any facts to which the parties have stipulated or agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 6 — WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 7 — DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 8 — CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 9 — ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10 — SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11 — JOHN HOLDAWAY**

You have heard repeated mention of John Holdaway. For reasons that do not concern you, John Holdaway is not before you as a defendant in this case. Do not speculate why. This fact should not influence your verdict with reference to the defendant, and you must base your verdict solely on the evidence presented in this case.

**JURY INSTRUCTION NO. 12 — FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of a witness who testified in the Japanese language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Japanese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

**JURY INSTRUCTION NO. 13 — STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made various statements. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**JURY INSTRUCTION NO. 14 — CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**JURY INSTRUCTION NO. 15 — CONSPIRACY—ELEMENTS**

The defendant is charged in Count One of the Indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown, but no later than December 2012, and ending on or about a date unknown, but no earlier than July 2015, there was an agreement between two or more persons to commit at least one crime of wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The defendant is charged in Count Twenty of the Indictment with conspiring to commit money laundering in violation of Section 1956(h) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown, but no later than December 2012, and ending on or about a date unknown, but no earlier than October 2014, there was an agreement between two or more persons to commit at least one crime of money laundering; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in

United States District Court
Northern District of California

the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**JURY INSTRUCTION NO. 16 — WIRE FRAUD**

**(18 U.S.C. § 1343)**

The defendant is charged in Counts Two through Nineteen in the Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat and,

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the

18

defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

### JURY INSTRUCTION NO. 17 — INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 18 — SCHEME TO DEFRAUD—VICARIOUS LIABILITY**

**(18 U.S.C. § 1343)**

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

## JURY INSTRUCTION NO. 19 — MONEY LAUNDERING

### (18 U.S.C. § 1957)

The defendant is charged in Counts Twenty-Four and Twenty-Five of the Indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the wire fraud scheme charged in Counts Two through Nineteen of the Indictment; and

Fifth, the transaction occurred in the United States or outside the United States, but the defendant was a person within the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an institution insured by the Federal Deposit Insurance Corporation.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of the wire fraud scheme.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

1

**JURY INSTRUCTION NO. 20 — KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act, or does not fail to act, through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## JURY INSTRUCTION NO. 21 — AIDING AND ABETTING

A defendant may be found guilty of wire fraud or money laundering even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of any particular count of wire fraud or money laundering as charged in the Indictment by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime charged in that particular count of wire fraud or money laundering;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime charged in that particular count of the Indictment;

Third, the defendant acted with the intent to facilitate the crime charged in that particular count of the Indictment; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud or money laundering.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 22 — ON OR ABOUT—DEFINED**

The Indictment charges that the offenses alleged in Counts Two through Nineteen were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts Two through Nineteen of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# JURY INSTRUCTION NO. 23 — DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

# JURY INSTRUCTION NO. 24 — CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 25 — USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 26 — JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**JURY INSTRUCTION NO. 27 — VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28 — COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.